UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23139-BLOOM/D'Angelo

NEPHATARI PATRICE FORD,

    Plaintiff,

v.

PRINCETON GROVES FL APARTMENTS, LP,

    Defendant.
_____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Nephatari Patrice Ford's ("Plaintiff") Verified Motion for Default Judgment ("Motion"), ECF No. [21], filed September 5, 2025, and Supplemental Evidence Packet in Support of Motion for Default Judgment, ECF No. [30], filed November 12, 2025. A Clerk's Default was entered against Defendant Princeton Goves FL Apartments, LP ("Defendant") on August 25, 2025, ECF No. [17], after Defendant failed to appear, answer, or otherwise respond to the Complaint, ECF No. [1]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I. BACKGROUND**

Plaintiff filed the instant action on July 15, 2025, bringing four causes of action: Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA") (Count I); Unjust Enrichment (Count II); Breach of Fiduciary Duty (Count III); and Equitable Estoppel (Count IV). ECF No. [1]. Plaintiff alleges that between 2021 and 2024, Plaintiff entered into four separate lease agreements with Defendant for the same rental unit. *Id.* at 4. Plaintiff argues that each lease

Case No. 25-cv-23139-BLOOM/D'Angelo

constitutes a consumer credit transaction under TILA because each involved advanced payments, application fees, and the use of Plaintiff's personal and financial information. *Id.* Plaintiff further contends that Defendant failed to provide Plaintiff the required Notice of Right to Cancel, in violation of 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.15 ("Regulation Z"). *Id.* Plaintiff also alleges that Defendant failed to comply with the recission procedures outlined in 15 U.S.C. § 1635(b) after Plaintiff attempted to exercise final recission rights for the 2021-2025 leases on September 30, 2024. *Id.* Plaintiff alleges that Defendant ignored and denied Plaintiff's recission, evicted Plaintiff, and relisted the apartment unit without returning any funds, honoring recission, or providing equitable restitution. *Id.* at 5.

Plaintiff requests monetary relief, including actual damages for economic losses resulting directly from Defendant's alleged violations in the amount of $125,000; statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A) in the amount of $16,000; non-economic damages for emotional distress, displacement, humiliation, and psychological harm suffered in the amount of $350,000; and punitive damages to deter future misconduct and punish Defendant's alleged disregard of its duties under federal law in the amount of $300,000. *Id.* at 10-11. Plaintiff also requests equitable relief, seeking enforcement of recission for all four lease agreements; formal recognition of Plaintiff's Affidavits of Recission; full restitution of all funds previously tendered by Plaintiff; termination of any security interest or claim Defendant asserts in relation to the rescinded leases; and a permanent injunction barring Defendant from using or retaining any benefit from Unit C-101, enforcing or referencing the rescinded contracts for any purpose, and communicating or reporting any debts arising from the rescinded leases. *Id.* at 11-12. Lastly, Plaintiff requests costs and legal fees under 15 U.S.C. § 1640(a)(3). *Id.* at 12.

Case No. 25-cv-23139-BLOOM/D'Angelo

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the entry of a default if a defendant fails to timely respond to a complaint seeking affirmative relief. Fed. R. Civ. P. 55(a). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation omitted). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). The "sufficient basis" standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Count I: Violation of Truth in Lending Act

Plaintiff first alleges that Defendant failed to provide the required "Notice of Right to Cancel" under 15 U.S.C. § 1635 and 12 C.F.R. § 226.15 ("Regulation Z"). ECF No. [1] at 8. Plaintiff further alleges that Defendant failed to return funds or cancel any security interest within the twenty-day statutory window pursuant to 15 U.S.C. §1635(b). *Id.* Section 1635(a) provides that

> in the case of any **consumer credit transaction . . . in which a security interest is or will be retained or acquired** in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the

3

consummation of the transaction . . . . The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a) (emphasis added).

Section 1635(b) further states that "[w]hen an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission." 15 U.S.C. § 1635(b).

Plaintiff has not provided, nor has the Court found, any case law to support Plaintiff's assertion that the residential leases in question constitute "consumer credit transactions" under 15 U.S.C. § 1635. A consumer credit transaction is statutorily defined as a transaction "in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i). Plaintiff has not provided any evidence to support her assertion that the residential leases at issue involve the extension of "credit" or the provision of money, property, or services on a deferred-payment basis as required to qualify as a consumer credit transaction under TILA. *See* 15 U.S.C. § 1602(f) (defining the term "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment").

Plaintiff argues that each lease qualifies as a consumer credit transaction because it "required monthly installment payments (deferred payment arrangements), imposed late fees and penalties (finance charges), and required a security deposit to be held by a third-party bank (creating a security interest)." ECF No. [30] at 7. However, Plaintiff has not cited any authority to support her argument that, by signing the lease, she necessarily incurred a "debt," which she paid

4

off through her monthly lease payments. *See* 15 U.S.C. § 1602(f). Indeed, the terms of the lease state that the monthly "Rent and Charges" are to be paid "in advance[.]" ECF No. [30] at 14, 17, 20, 23. Therefore, Plaintiff has not demonstrated that she incurred a "debt," and her monthly rent payments are not consumer credit transactions under TILA. Accordingly, Plaintiff has not stated a claim for violation of TILA.

### B. Count II: Unjust Enrichment

Plaintiff next alleges that Defendant was unjustly enriched because it accepted and retained funds paid under the four lease agreements despite Plaintiff's recission. ECF No. [1] at 9. To state a claim for unjust enrichment, a plaintiff must allege the following three elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp. Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). However, "[n]o cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract." *Zarella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010). "This is because the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Id.* (internal quotation omitted).

Here, the parties' relationship is governed by the four lease agreements. ECF Nos. [1] at 4, 20-28; [30] at 13-23. Although Plaintiff contends that Defendant materially benefited from Plaintiff's funds paid under the rescinded lease agreements, ECF No. [1] at 9, the equitable remedy of unjust enrichment is not available because the leases constitute an express contract governing the parties' relationship. *See Zarella*, 755 F. Supp. 2d at 1227. Specifically, paragraph eleven of each of the four leases dictates the responsibilities of each party in the case of early move-out or

eviction. ECF No. [30] at 15, 18, 21. Accordingly, Plaintiff has not stated a claim for unjust enrichment.

### C. Count III: Breach of Fiduciary Duty

Plaintiff also alleges that Defendant breached its fiduciary obligation "to act in good faith, provide required disclosures, and honor consumer protection laws." ECF No. [1] at 9. "The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010). A fiduciary relationship is one in which "one person is under a duty to act for the benefit of another on matters within the scope of the relationship." *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1312 (11th Cir. 2014). Plaintiff has not alleged any facts demonstrating that she and Defendant had a fiduciary relationship. *See Cahaba Forests, LLC v. Hay*, 927 F. Supp. 2d 1273, 1289 (M.D. Ala. 2013) ("The landlord-tenant relationship is not one of a fiduciary nature.") (citation and alteration omitted); *Gaines v. Krawczyk*, 354 F. Supp. 2d 573, 582 (W.D. Pa. 2004) ("A landlord/tenant relationship does not create any . . . fiduciary duty."); *Clifford v. Hughson*, 992 F. Supp. 661, 670 (S.D.N.Y. 1998) ("The 'landlord-tenant relationship is not ordinarily a fiduciary one.'"). Accordingly, Plaintiff has not stated a claim for breach of fiduciary duty.

### D. Count IV: Equitable Estoppel

Lastly, Plaintiff alleges that "Defendant acted in a manner that led Plaintiff to reasonably believe that the lease agreements were entered into under lawful terms" and that "[b]y failing to disclose Plaintiff's right to cancel and by continuing to enforce the lease terms after recission Defendant induced reliance to Plaintiff's detriment." ECF No. [1] at 10. To state a claim for equitable estoppel, a plaintiff must show "(1) a representation as to a material fact that is contrary

to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." *Armstrong v. U.S. Bank Nat'l Ass'n*, 729 F. Supp. 3d 1291, 1307 (M.D. Fla. 2024) (quoting *State v. Harris*, 881 So. 2d 1079, 1084 (Fla. 2004)).

Plaintiff's equitable estoppel claim fails because she has not established that Defendant misrepresented any material facts. Plaintiff's equitable estoppel claim hinges on Defendant having failed to follow proper disclosure procedures under TILA. ECF No. [1] at 10. However, as discussed above, the residential leases in question do not constitute "consumer credit transactions" under TILA, and, as such, Defendant is not obligated to provide the disclosures Plaintiff relies upon to support her estoppel claim. Because Plaintiff has not shown that Defendant made a representation as to a material fact that is contrary to a later-asserted position, Plaintiff has not stated a claim for equitable estoppel.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Verified Motion for Default Judgment, **ECF No. [21]**, is **DENIED**.

2. The Clerk shall **CLOSE** the case.

Case No. 25-cv-23139-BLOOM/D'Angelo

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 1, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Nephatari Patrice Ford
P.O. Box 570097
Miami, FL 33257
786-328-7750
PRO SE

Princeton Groves FL Apartments, LP
c/o Registered Agent: CT Corp
1200 S Pine Island Road
Plantation, FL 33324
PRO SE