UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23139-BLOOM/D'Angelo

NEPHATARI PATRICE FORD,

    Plaintiff,

v.

PRINCETON GROVES FL
APARTMENTS, LP,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Nephatari Patrice Ford's ("Plaintiff") Motion for Reconsideration and to Vacate Order of Dismissal Under Rule 54(b), ECF No. [32] ("Motion"), filed on December 11, 2025. In support of her Motion, Plaintiff filed a Notice with her previously filed evidence, ECF No. [33], a Notice of Supplemental Authority, ECF No. [34], and an Affidavit, ECF No. [35]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

    **I.**    **BACKGROUND**

On December 11, 2025, Plaintiff filed a Motion for Reconsideration and to Vacate Order of Dismissal Under Rule 54(b). ECF No. [32]. On December 1, 2025, the Court issued an Order Denying Motion for Default Judgment regarding Plaintiff's Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA") and tort claims. ECF No. [31]. Before denying Plaintiff's Motion for Default Judgment, the Court held a hearing on November 5, 2025, and considered evidence Plaintiff presented to support TILA's applicability to residential leases. *See* ECF Nos. [28], [29],

[30]. The Court concluded that Plaintiff had not provided a sufficient basis to warrant entry of a default judgment because Plaintiff failed to establish that residential leases are covered under TILA. ECF No. [31] at 3-5. The Order also denied default judgment for Plaintiff's unjust enrichment, breach of fiduciary duty, and equitable estoppel claims. *See id.* Plaintiff's Motion seeks reconsideration of the Order and argues that based on TILA's text, applicable caselaw, and agency interpretations, the Court incorrectly concluded Plaintiff's leases were not consumer credit transactions. ECF No. [32] at 3.

## II. LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision — Rule 60(b)(6) — the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

To the extent a party seeks relief pursuant to Rule 54(b), the standard for relief is the same as a motion for reconsideration under Rule 60. *See Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-CV-345-JES-DNF, 2025 WL 3080533, at *1 (M.D. Fla. Nov. 4, 2025) (citing *Herman v. Hartford Life and Acc. Ins. Co.*, 508 F. App'x. 923, 927 n.1 (11th Cir. 2013)).

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)). Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n*,

*Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

### III. DISCUSSION

Plaintiff has failed to meet her burden to demonstrate a clear and obvious error or that there exist extraordinary circumstances warranting reversal of the Court's prior decision. The Court determined that "Plaintiff has not demonstrated that she incurred a 'debt,' and her monthly rent payments are not consumer credit transactions under TILA." ECF No. [31] at 5. Plaintiff's Motion fails to demonstrate that this conclusion is mistaken under the law. Plaintiff has not identified a single case or authority applying TILA to a residential lease. The cases Plaintiff cites do not extend to residential leases where the loans and installment payments at issue concern property the debtor is purchasing or are secured by a mortgage on property owned by the debtor. *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060 (11th Cir. 2004) (applying TILA to the purchase and financing of a new vehicle); *In re Brown*, 134 B.R. 134 (Bankr. E.D. Pa. 1991) (applying TILA to a loan for the installation of a new heater secured by a mortgage on the home); *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370 (D.C. Cir. 1980) (applying TILA to a loan for a down payment on a home secured by a deed of trust on the property). Plaintiff also cites regulations that

Case No. 25-cv-23139-BLOOM/D'Angelo

define credit, 12 C.F.R. § 1026.2(a)(14), and establish TILA's applicability to refinancing credit transactions, 12 C.F.R. § 1026.20(a). *See* ECF No. [34]. However, those regulations fail to establish that a residential lease is a credit transaction that triggers TILA's application. As such, Plaintiff has not shown that the Court's previous Order was mistaken under the law.

Plaintiff also argues the Court erred because it made "factual determinations in Defendant's favor." ECF No. [32] at 5. This argument fails because the Court, accepting Plaintiff's facts as true, determined TILA does not apply to residential leases as a matter of law. Therefore, Plaintiff failed to state a claim to warrant default judgment. *See* ECF No. [31] at 3-5. Lastly, Plaintiff argues that reconsideration is necessary to prevent manifest injustice because Defendant intentionally defaulted on the leases and Plaintiff suffered damages. ECF No. [32] at 5. However, this situation does not rise to the "extraordinary circumstances" necessary to warrant reconsideration.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration, **ECF No. [32]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Nephatari Patrice Ford
P.O. Box 570097
Miami, FL 33257
786-328-7750
Email: NPFORD44@gmail.com
PRO SE

Case No. 25-cv-23139-BLOOM/D'Angelo

Princeton Groves FL Apartments, LP
c/o Registered Agent: CT Corporation System
1200 S Pine Island Road
Plantation, FL 33324